CORDER v. MICHIGAN MUTUAL HAIL INSURANCE CO.

1. REFORMATION OF INSTRUMENTS—INTENT—HAIL INSURANCE POLICY.
   Decree reforming hail insurance policy to agree with clear and evident intent of parties so as to cover plaintiff's crops instead of uncropped land *held,* proper.

2. APPEAL AND ERROR—FINDING OF COURT—ARBITRATION.
   Finding of circuit court that mutual hail insurance policy provided for an arbitration *held,* proper, notwithstanding term appraisal was used in section providing for adjustment of loss.

3. ARBITRATION AND AWARD—IMPEACHMENT OF AWARD IN EQUITY.

> An award made by arbitrators for adjustment of differences between parties may be impeached in equity for fraud, partiality, misconduct, or mistake.

4. SAME—SETTING ASIDE AWARD—FRAUD.

> Award for loss under hail insurance policy, by arbitrator selected by insurer and third arbitrator whose selection was consented to by both insured and his arbitrator, which was based on a hurried, casual, incomplete examination of crops late in the day, insufficient to permit a fair appraisal and not concurred in by insured's arbitrator who appraised loss at 10 times figure of other arbitrators, *held* not to have the element of fairness, impartiality or good faith requisite to a valid arbitral award, hence was properly set aside as a fraud upon insured.

5. DAMAGES—HAIL INSURANCE—CROPS.

> Decree awarding insured $615.84 damages for injury to crops by hail *held*, proper in suit to reform insurance policy, set aside award of majority of arbitrators and award damages, where court adopted a recognized rule of damages with respect to such losses.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted April 14, 1937. (Docket No. 62, Calendar No. 39,107.) Decided May 21, 1937.

Bill by Frank J. Corder against Michigan Mutual Hail Insurance Company, a Michigan corporation, to reform an insurance policy, set aside an arbitration award and for damages. Decree for plaintiff. Defendant appeals. Affirmed.

*Paul R. Cash,* for plaintiff.

*Rosslyn L. Sowers,* for defendant.

FEAD, C. J. This is a bill to reform a hail insurance policy, set aside an arbitration award, and recover on the policy. Plaintiff had decree for full relief prayed.

The policy, written June 21, 1934, described the premises on which the crops were insured against damage by hail as sections 11 and 21. Plaintiff had no crops on section 21. The bill prayed reformation to cause the policy to read sections 11 and 26. The decree reformed it to read sections 11 and 27. Plaintiff had an interest in four descriptions and, at the hearing, became confused about the lands upon which were crops, as were other witnesses. He and the solicitor for defendant stood on section 27 when they discussed the matter of insurance. Regardless of confusion as to descriptions, it cannot be doubted that both intended to provide insurance on plaintiff's crops, not on uncropped lands.

A hail storm occurred in August. Plaintiff notified defendant of claim of mistake of description. Adjusters of defendant say they looked over section 27 and made offers of settlement. The arbitrator selected by defendant, accompanied by officers of defendant, claim they examined section 27. The award, prepared by the secretary of defendant, covered the crops on section 27, although the written award conformed to the policy in reading section 21. The testimony and conduct of the parties leave no doubt but that all understood that the crops on section 27 were insured.

The court was right in reforming the policy to agree with the clear and evident intent of the parties.

The policy provides:

"Sec. 5. Arbitration. In case the insured and this company shall fail to agree as to the amount of loss or damage, each shall, upon the written demand of either, select a competent arbitrator. These two arbitrators shall select a third, who shall live not less than ten miles from the place of loss.

The arbitrators shall then appraise the loss and damage. An award in writing of any two when filed with this Company shall determine the amount of loss and damage. The expense of the arbitration shall be paid equally by the parties."

Defendant's adjuster offered plaintiff $50 as damages. The latter made demand for arbitration. Some time later defendant wrote him that it would have its arbitrators at his farm at two o'clock p. m. October 9th. Plaintiff selected one Gobel as arbitrator. They waited until evening, no one appeared to arbitrate, and Gobel went home, two miles away. About six to six-thirty p. m., J. E. Ruppert, an adjuster of defendant's, with the secretary of the company, another adjuster, and Stahl, a farmer, appeared. Ruppert and Stahl had arbitrated another loss that day. Plaintiff told them his arbitrator had gone home. They arranged to go to Gobel's place. They reached Gobel's at seven to seven-thirty o'clock. Ruppert and Stahl claim they looked over the crops on sections 11 and 27 on the way from plaintiff to Gobel's. The evidence as to their locating the right premises was not clear and, from the time consumed and the fact it must have been dark, the inspection could not have been more than hurried, casual and incomplete.

At Gobel's place Ruppert at once took charge. He suggested Stahl as an arbitrator and neither plaintiff nor Gobel objected, the latter saying that whatever was fair was all right with him. They had an informal discussion, in which plaintiff offered to produce testimony but Ruppert said it was not necessary. All the arbitrators said they had looked over the premises. Under Ruppert's direction they went into a granary and each arbitrator wrote an estimate of damage, Ruppert and Stahl

guessing about $80 and Gobel about $800. Ruppert had an award in writing prepared. Gobel refused to sign the award. Later, defendant mailed a check to plaintiff for the amount but it was returned.

In *Campbell* v. *Michigan Mutual Hail Ins. Co.*, 240 Mich. 167, the difference between arbitration and appraisal is set up. The circuit court found, and rightly, that defendant's by-laws provide for an arbitration, although the word "appraisal" is used in the section.

The latitude accorded arbitrators as to procedure and the force to be given their awards are firmly settled by the authorities. However, an award may be impeached in equity for fraud, partiality, misconduct or mistake.

The proceedings at the granary lasted only about a half hour. They amounted only to an attempted individual appraisal. Ruppert's superior knowledge and domination of the situation did not impose upon plaintiff a duty to make formal or legal objections to the proceedings on penalty of waiving improper procedure. The question remains one of fair procedure. It is apparent that Ruppert and Stahl based their figures upon an examination insufficient to permit a fair appraisal of damage. Their claimed estimate has not the element of fairness, impartiality or good faith which must characterize an arbitration. The procedure has the appearance of an attempt on the part of the company to observe only so much of the form of an arbitration as would permit it to be called by that name. We think the alleged arbitration amounted to a fraud upon plaintiff and the court was justified in setting it aside.

Upon the matter of damages, the testimony took a wide range. The court adopted the rule expressed

in *Harris* v. *Michigan Mutual Hail Ins. Co.*, 207 Mich. 182 (7 A. L. R. 366), and *Campbell* v. *Michigan Mutual Hail Ins. Co:, supra,* and decreed damages of $615.84. We find no error in the rule or computation.

Affirmed, with costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.